(97 App. Div. 634)

NORTHERN INS. CO. OF NEW YORK v. ASSOCIATED MFRS.' MUT. FIRE INS. CORP.

(Supreme Court, Appellate Division, Second Department. October 14, 1904.)

1. REINSURANCE—CONTRACTS—WAIVER OF PROVISIONS—AGENTS—AUTHORITY.

Where the application clerk and counterman employed in the home office of defendant insurance company had full authority to accept risks and to cancel policies, he had prima facie authority to sign an agreement waiving a provision in a contract of reinsurance providing that defendant should not be liable on such risks to exceed in any case the amount of the risk retained by the ceding company.

2. SAME—WAIVER.

Where, at the time defendant was asked to sign a waiver of a provision in a contract for reinsurance, providing that the risk assumed should not exceed that retained by the ceding company, defendant's agent was informed that the object of the document was to enable certain companies to reinsure their risks and avoid such clause in the contract of reinsurance, and he was further informed that such reinsurance had already been effected to some extent, the notice was sufficient to put defendant on inquiry as to the extent of the reinsurance which it was thus asked to ratify, and, in the absence of inquiry, constituted a waiver of such clause with regard to contracts made before as well as after the date of the waiver.

Appeal from Trial Term, Kings County.

Action by the Northern Insurance Company of New York against the Associated Manufacturers' Mutual Fire Insurance Corporation. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Archibald C. Shenstone, for appellant.

Henry de Forest Baldwin (Herbert C. Lakin, on the brief), for respondent.

HIRSCHBERG, P. J. The plaintiff's judgment is for the pro rata share of a fire insurance loss found to be due under contracts of

reinsurance made by the defendant on March 18, 1899, with two companies known as the Northern Insurance Company and the Eastern Insurance Company. The two contracts are alike in terms, and provide for the ceding to or reinsuring by the defendant of a portion of the risks assumed by either of the two companies; such portion, however, not to exceed the sum of $2,500 in any one risk, and not to exceed in any case the amount of the risk retained by the ceding company. The contracts were conditioned to take effect on March 20, 1899, and were unlimited in duration, except that either party might terminate them by giving two months' written notice, during which months, however, the defendant's participation was to continue in all insurance embraced within the provisions of the agreements, including such as might be written or renewed during that period. Written notice of termination was given by the defendant on August 4, 1899, to take effect on October 4th, but by agreement it was arranged between the parties that it should take effect one month earlier, viz., on September 4th, in consideration of which concession the defendant expressly agreed to waive the requirement of the contracts that the insuring companies should retain an amount in each risk equal to the amount reinsured with respect to risks assumed by the defendant prior to July 1, 1899. Among the risks portions of which were ceded by the two companies under the contracts were two policies, each of $10,000, on the Jefferson Hotel, in Richmond, Va. The amount of the cession in each case was $2,500, and the reinsurance appears to have been assumed by the defendant after the giving of the written notice, and prior to September 4, 1899. These policies were to run until September 1, 1902, and the defendant's share of the premiums for the entire period was paid to it on November 30, 1899, and was accepted, and has ever since been retained by it. On December 31, 1899, each of the two companies reinsured the sum of $5,625 of the $7,500 of the risk retained by it on the Jefferson Hotel, thereby leaving only the sum of $1,875 as its share of the risk. The hotel was destroyed by fire in March, 1901. The plaintiff acquired the property, rights, and interests of the two companies in November, 1900, by merger and consolidation, and the judgment awards to it the defendant's proportionate share of liability on the adjustment of the loss under the policies referred to for the burning of the hotel.

As the policies on the Jefferson Hotel were written after July 1, 1899, the waiver of the requirement that the amount of risk assumed by the defendant should not exceed that retained by the company originally insuring has no application to the facts of the case; but an agreement was produced purporting to have been executed by or on behalf of the defendant and 30 or more other insurance companies under date of January 2, 1900, which, if binding, would have the effect of extending the waiver to policies which were issued subsequently to July 1, 1899. It was executed at the defendant's home office in the city of New York by its application clerk and counterman. It sufficiently appears that he had full authority to accept risks for the defendant, and to cancel policies, so

far as such authority may be inferred from the course of business as conducted by him in the defendant's apparent behalf for a considerable period of time. He was notified before signing the document that its object was to enable the two companies to reinsure their risks in other companies, and to avoid the clause of the contracts which required the retention by them of an amount equal to that which was assumed by the defendant, and he was further informed that such reinsurance had already been effected to some extent. I think the finding of the learned trial justice to the effect that the paper was executed by the defendant's duly authorized agent is supported by evidence which is prima facie sufficient, and which should, therefore, be deemed controlling in the absence of qualifying or explaining evidence on the part of the defendant. The notice to the defendant through its agent that reinsurance had already been effected in accordance with the terms of the consent which it was asked to sign was at least sufficient to put it on inquiry as to the extent of the reinsurance which it was thus asked to ratify, and, in the absence of such inquiry, the waiver should be regarded as applicable to contracts of that character made before as well as after January 2, 1900.

Other points presented in the briefs do not seem to call for discussion. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.